IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIRECTV, Inc.,

    Plaintiff,

v.                                                      Civil No. 03-610 WJ/LFG

PHILLIP L. BANKS, KELLY CHAVEZ, JERRY
DIMAS, DANIEL GARCIA, ANDY HUERTAZ,
HAN LIN, ISAAC LUCERO, OWEN MILLER,
GARY M. STONE, and LEE TRUJILLO,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING DEFENDANTS BASED ON MISJOINDER

THIS MATTER comes before the Court pursuant to the Court's Order to Show Cause How Defendants are Properly Joined filed October 17, 2003 [Docket No. 31]. Having reviewed the submissions of the parties and being fully advised on the law, I find that Defendants are not properly joined under Fed. R. Civ. P. 20.

The purpose of Rule 20 is to promote trial convenience, expedite the final determination of disputes, and avoid multiple lawsuits. See 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1652 (3d ed. 2001). Rule 20 imposes two requirements for permissive joinder of defendants. First, there must be a right to relief asserted against the defendants in respect of or arising out of the same transaction or occurrence. Second, there must be a common question of law or fact with respect to all defendants that will arise in the case. Both of these requirements must be met in order to join defendants under Rule 20. Watson v. Blankinship, 20 F.3d 383, 389 (10th Cir. 1994).

While the requirement of commonality is easily satisfied in most cases, the transactional relatedness requirement is more difficult to assess.[1]  James Wm. Moore, Federal Practice § 20.02[1][a] (3d ed. 2003).  There is no bright line test for transactional relatedness, and the facts of each particular case must be assessed individually to determine whether joinder is sensible.  Id. at § 20.05[1].  The transactional relatedness test is not an obscure test unique to Rule 20 as it is also used to analyze cross-claims and counterclaims under Fed. R. Civ. P. 13.  See Arch Mineral Corp. v. Lujan, 911 F.2d 408, 412 (10th Cir. 1990).  While the language of Rule 13 and Rule 20 is not identical, the transactional relatedness requirement is analyzed in the same manner under both rules.  Moore, supra, § 20.05[2]; Wright et al., supra, § 1653; see also King v. Pepsi Cola Metro. Bottling Co., 86 F.R.D. 4, 5 (E.D. Pa. 1979) (analogizing the transactional relatedness requirements of Rule 13 and Rule 20).  The essence of the transactional relatedness requirement is a test of logical relationship.  See Fox v. Maulding, 112 F.3d 453, (10th Cir. 1997).

In the instant case, there is arguably a common question of law or fact among the various Defendants.  However, there is no question that Plaintiff's right to relief against each Defendant is not transactionally related to the other Defendants.  Plaintiff's Complaint alleges that each Defendant purchased a "pirate access device" from one of several distributors or vendors of such devices, each Defendant lives in or conducts business in New Mexico, each Defendant's alleged order for a "pirate access device" was shipped by a vendor through the same shipping facility, and each Defendant's alleged conduct came to light through a single "raid" at a mail shipping facility.  See Plaintiff DirecTV Inc.'s Original Complaint ¶¶ 6, 7, 11, 15 - 24, 26 and 29.

---

[1]While the grammar/spell check function on the Court's computer questions whether "transactional relatedness" is a valid phrase, I note the phrase appears with some frequency in the treatise material on misjoinder.  See James Wm. Moore, Federal Practice § 20.02 (3d ed. 2003).

2

Plaintiff does not argue that the Defendants are properly joined because they all conduct business or live in New Mexico. That would certainly be too tenuous, remote and coincidental a connection to justify permissive joinder under Rule 20(a). Instead, Plaintiff argues that a sufficient relationship among the Defendants is established by the fact that each Defendant engaged in the same general type of allegedly illegal conduct, that the same shipping facility was used by various vendors to ship "pirate access devices" to Defendant, and that the identity of each Defendant was discovered contemporaneously during a single "raid" on the shipping facility. See e.g., DirecTV's Brief in Response to the Court's Order to Show Cause [Docket No. 36] pp. 3, 5; DirecTV's Reply to Defendants' Responses to Plaintiff's Response to the Court's Order to Show Cause [Docket No. 70] pp. 1-2. These facts do nothing to tie the Defendants together in a logical relationship regarding any transaction, occurrence, or series of transactions or occurrences.

The shipment of the "pirate access devices" by the vendors is not a transaction or occurrence giving rise to Plaintiff's asserted right to relief against the Defendants. Thus, the fact that certain vendors used the same shipping facility does not show the requisite logical relationship among the Defendants for permissive joinder under Rule 20.

The fact that each Defendant was identified during the same "raid" similarly fails to show a sufficient relationship among the Defendants to justify joinder under Rule 20. While the "raid" was a single occurrence that may have given rise to Plaintiff's awareness of the identity of each Defendant, the raid itself does not give rise to any asserted right to relief.

Plaintiff contends that the transactional relationship test is met because each Defendant allegedly engaged in similar conduct. The alleged similarity of all the Defendants' conduct does not create a logical relationship among the Defendants such that permissive joinder is justified under Rule 20. Plaintiff does not allege that the Defendants acted in concert or with a common

3

plan.  There is no common transaction or occurrence or series of transactions or occurrences logically connecting the Defendants to one another.  Therefore, the Defendants in this case are misjoined under Fed. R. Civ. P. 20.

Fed. R. Civ. P. 21 provides that "misjoinder of parties is not grounds for dismissal of an action."  Here, the Court does not propose dismissal of Plaintiff's action, but rather dismissal of all but the first named Defendant in the action.  The Court recognizes that other federal district courts addressing misjoinder of claims in similar cases brought by DIRECTV, Inc. have severed defendants and created new cases for each defendant named in an action.  See DIRECTV, Inc. v. Hurst, Civil No. 03-674-F (W.D. Okla. Aug. 8, 2003) (unpublished Order) (concluding that dismissal of misjoined defendants was not appropriate and severing the claims against the various defendants); In re Cases Filed by DIRECTV, Inc., Supplemental General Order No. 2003-23 (N.D. Ohio Jun 18, 2003) (unpublished Order) (setting out a complex procedure to sever defendants in 44 cases involving approximately 320 defendants).  Ordering the Clerk of Court for the District of New Mexico to sever out numerous misjoined Defendants would, however, place a heavy burden on the Clerk whose staff is already overburdened with a huge number of southwest border related cases.  The burden of correcting the misjoinder should properly be placed on Plaintiff as it was Plaintiff's decision to group these Defendants together in filing this case and numerous other cases in what appears to be an attempt by Plaintiff to avoid paying court filing fees for actions against each Defendant.  See DirecTV, Inc. v. Blahuta, No. 03 C 6287, 2003 WL 22225585 (N.D. Ill. Sept. 25, 2003) (unpublished Memorandum Order); DirecTV v. Booker, No. 03-RB-0859 (D.Colo July 3, 2003) (unpublished Order).

Additionally, while Rule 21 provides that an action may not be dismissed for misjoinder, it does provide that "parties may be dropped or added by order of the court on motion of any party

4

or of its own initative at any stage of an action and on such terms as are just." Thus, in accordance with Rule 21, I will order that all Defendants other than Phillip L. Banks, the first named Defendant in the instant case, be dismissed from this action without prejudice. Plaintiff may refile its Complaint against each Defendant dismissed from this case provided that Plaintiff files a separate Complaint and pays a separate filing fee with regard to each Defendant.

**CONCLUSION**

IT IS THEREFORE ORDERED that pursuant to Fed. R. Civ. P. 21, Defendants Kelly Chavez, Jerry Dimas, Daniel Garcia, Andy Huertaz, Han Lin, Isaac Lucero, Owen Miller, Gary M. Stone, and Lee Trujillo are hereby DISMISSED from this action WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that if Plaintiff DIRECTV, Inc. elects to reassert its claims against these Defendants by filing separate cases against them within 30 days of this Order, the newly filed Complaints shall relate back to the date on which the original Complaint in this case was filed.

IT IS FURTHER ORDERED that this case shall remain pending as to Defendant Phillip L. Banks.

IT IS FINALLY ORDERED that the caption of this case is hereby amended as follows:

**DIRECTV, INC.,**

    **Plaintiff,**

**v.**                                                     **Civil No. 03-610WJ/LFG**

**PHILLIP L. BANKS**

    **Defendant.**

_____

UNITED STATES DISTRICT JUDGE